UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GOKHAN TARI | * | |
| 1146 Shortleaf Circle | | |
| Eldersburg, Maryland 21784 | * | |
| Carroll County, Maryland | | |
| | * | |
| *Plaintiff* | | |
| | * | |
| VS. | | |
| | * | |
| LORETTA SCHUELER | | |
| 1030 Liberty Road, Suite 101 | * | |
| Eldersburg, Maryland 21784 | | |
| Carroll County, Maryland | * | |
| | | |
| AND | * | |
| | | |
| LORETTA SCHUELER, DDS, LLC | * | |
| 2711 Centerville Road, Suite 400 | | |
| Wilmington, Delaware 19808 | * | Civil Case No. 1:10-cv-737 |
| | | |
| SERVE ON: | * | (Unlawful Debt Collection Practices) |
| CSC – Lawyers Incorporating | | |
| Service, Resident Agent Company | * | |
| 7 St. Paul Street, Suite 1660 | | |
| Baltimore, Maryland 21202 | * | |
| | | |
| AND | * | |
| | | |
| THE INTEGRIS GROUP, LLC | * | |
| 2711 Centerville Road Suite 400 | | |
| Wilmington, Delaware 19808 | * | |
| | | |
| SERVE ON: | * | |
| Steven Duckworth, Managing Partner | | |
| 1030 Liberty Road, Suite 101 | * | |
| Eldersburg, Maryland 21784 | | |
| | * | |
| AND | | |
| | * | |

1

| | |
|---|---|
| STEVEN DUCKWORTH | * |
| 1030 Liberty Road, Suite 101 | |
| Eldersburg, Maryland 21784 | * |
| Carroll County, Maryland | |
| | * |
| *Defendants* | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by Gokhan Tari, an individual consumer, against Defendant Steven Duckworth ("Duckworth") and The Integris Group, LLC ("Integris") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* ("FDCPA"), against Defendants, Dr. Loretta Schueler, individually, Dr. Loretta Schueler, DDS, LLC ("Schueler LLC") and Integris and Duckworth for violations of Maryland's Consumer Debt Collection Statute (MD. CODE ANN., COM. LAW ART. § 14-201 et seq.), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. In addition, this action is brought against Dr. Loretta Schueler, DDS, LLC and Steven Duckworth and the Integris Group LLC for violation of Maryland's Consumer Protection Act (MD. CODE ANN., COM. LAW ART. § 13-301 *et seq.*), which declares any violation of the Consumer Debt Collection act an unfair and deceptive trade practice and also prohibits the other predatory, unfair, and deceptive actions of Defendants.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28 U.S.C § 1337, and supplemental jurisdiction exist for the state law claims pursuant to 28 U.S.C. §

1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.  PARTIES

3. Plaintiff, Gokhan Tari, is a natural person residing in Carroll County, Maryland.  He is an immigrant, and is legally in this country pursuant to a green card granting him permanent residency.

4. Defendant Steven Duckworth is a natural person engaged in the business of collecting debts in this state with his principal place of business located in Carroll County, Maryland.  Defendant Duckworth regularly attempts to collect debts alleged to be due to another and uses the mails and telephones to conduct his actions.

5. Defendant Integris is a Delaware company not registered in the State of Maryland which is in the business of collecting debts in this state with its principal place of business located in Carroll County, Maryland.  Defendant Integris regularly attempts to collect debts alleged to be due to another and uses the mails and telephones to do so.

6. Defendant Duckworth is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6)  and a "collector" attempting to collect an alleged debt arising out of a consumer transaction as defined by MD. CODE ANN., COM. LAW ART § 14-201.

7. Defendant Integris is a "debt collector" as defined by the FDCPA, 15 U.S.C Section 1692a(6) and a "collector" attempting to collect an alleged debt arising out of a consumer transaction as defined by MD. CODE ANN., COM. LAW ART. § 14-201.

8. Defendant Loretta Schueler is a natural person who regularly conducts business in Carroll County, Maryland.  Defendant Schueler, for purposes of the acts

3

complained of in this complaint, is a "collector" attempting to collect an alleged debt arising out of a consumer transaction as defined by MD. CODE ANN., COM. LAW ART. § 14-201.

9. Defendant Loretta Schueler, DDS, LLC is a Delaware corporation which regularly conducts business in Carroll County, Maryland. Schueler LLC is a "collector" attempting to collect an alleged debt arising out of a consumer transaction as defined by MD. CODE ANN., COM. LAW ART. § 14-201.

## IV. FACTS COMMON TO ALL COUNTS

10. Loretta Schueler, DDS and/or Loretta Schueler, DDS, LLC performed dental work on about February 20, 2009. Plaintiff had insurance to cover the procedures performed and presented all required insurance information to Defendants Scheuler and/or Schueler LLC. Plaintiff paid $148.80 directly to Defendant Schueler and/or Schueler LLC at the time of the service. Defendant Schueler and/or Schueler LLC then submitted two claims for this procedure, one to Plaintiff's dental insurance and another claim to his health insurer. These Defendants also submitted anesthesia charges to both insurers. Plaintiff's dental insurer originally denied the anesthesia claim, and thus these Defendants claimed Plaintiff owed $183.60 (the total bill of $332.40 minus the $148.80 already paid). However, Plaintiff's health insurer had paid this anesthesia amount in full and issued an explanation of benefits stating Plaintiff had zero liability to the dentist. Plaintiff attempted to explain to Defendants that he was, therefore, entitled to a refund, but Defendants refused to issue one and insisted, instead, that Plaintiff owed them money.

11. Plaintiff then sought the assistance of the Attorney General, which assisted in resubmitting the claims to the dental insurer. This dental insurer then made an

additional payment to Defendants Schueler and/or Schueler LLC, resulting in an overpayment to these Defendants.  The Attorney General has confirmed that Plaintiff is owed a refund of $102.20 from Defendants.  Plaintiff has demanded this but Schueler, LLC, Schueler and Duckworth have only refunded part of that, $44.00, to Plaintiff.  This refund was made on February 16, 2010 (*see* letter dated February 23, 2010, Exhibit A).

12. On November 4, 2009, Defendant Duckworth, as "managing partner" and "The Integris Group, LLC" sent Plaintiff a letter (Exhibit B).  In the letter Defendant Duckworth claimed that the Plaintiff failed to pay for services rendered by Dr. Loretta Schueler's office.

13. In this letter, Defendant Duckworth, as agent of Defendant Integris, claimed that Plaintiff violated Maryland Criminal Code, which carries up to 18 months in prison for offenses under $1,000 and up to 15 years for offenses over $1,000.  Defendant further stated that this offense is prosecuted by the Maryland State's Attorney's Office, and once a criminal charge is filed, Plaintiff will be prosecuted for the "crime" even if he pays.

14. Defendant Duckworth, as agent of Defendant Integris, went on to state that, "being a convicted felon carries significant burden to current and future every day life and impacts employment, travel, volunteer work, parent participation in school activities, and numerous other aspects of your existence."

15. Attached to the letter was a statement of criminal charges (Exhibit B, page 2).

16. Defendant Duckworth knew that Plaintiff was a legal immigrant.  He also attached to the letter an "Abbreviated chart for criminal defense practitioners of the

5

immigration consequences of criminal convictions under Maryland state law" (Exhibit B, page 3).

    17.    The letter did not contain the following information:

        a.    The amount of the debt claimed;

        b.    A statement that unless the consumer, within 30 days after receipt of the letter, disputed the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

        c.    A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and

        d.    A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    18.    Defendant Duckworth, without Plaintiff's permission, contacted Plaintiff's employer in November 2009 and discussed with one of his co-workers his medical history and his immigration status.

    19.    Defendant Schueler LLC filed suit on November 19, 2009 (Exhibit C). Defendant Duckworth represented Defendant Schueler LLC despite that he is not a licensed attorney and not legally able to represent this corporation under Maryland law.

20. Neither Defendant Duckworth nor Defendant Integris is licensed in Maryland as a debt collector by the State of Maryland.

21. Defendants Duckworth and Schueler LLC attached the Plaintiff's Social Security number as well as medical records to the suit without redacting the personal identifiable information (*see* attached, Exhibit C, beginning on page 3, redacted information shown by black marker).

22. The Maryland Attorney General became involved and demanded that the lawsuit be dismissed (Exhibit D).

23. Eventually, on February 3, 2010, the suit filed by Defendant Schueler LLC and Defendant Duckworth was dismissed.

24. As a result of the acts alleged actions stated above, Plaintiff suffered stress, headaches, nausea, sleep disorders, lack of concentration and embarrassment. He lost time from work attempting to deal with claims representatives, benefits managers, the Attorney General's Office and Defendants. His work performance suffered, resulting in additional economic losses. Due to Defendants' publishing of his Social Security number, he has had to obtain credit report monitoring indefinitely at $14.95 per month. Plaintiff may have other damages to be determined.

## V.  CLAIMS

### *COUNT ONE – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT*

25. Plaintiff incorporates all prior paragraphs.

26. Defendants Duckworth, individually and as agent of Integris, violated the Fair Debt Collection Practices Act ("FDCPA"). These Defendants' violations include, but are not limited to the following:

   a. Defendants Duckworth and Integris violated 15 U.S.C. § 1692c(b) by communicating with Plaintiff's employer without his consent.

   b. Defendants Duckworth and Integris violated 15 U.S.C. § 1692e(3) when Duckworth acted as an attorney when filing suit against Plaintiff even though he was not.

   c. Defendants Duckworth and Integris violated 15 U.S.C. § 1692e(4) by representing that nonpayment of the debt will result in arrest or imprisonment.

   d. Defendants Duckworth and Integris violated 15 U.S.C. § 1692e(5) by threatening to take action (criminal arrest and inference of deportation) which cannot legally be taken or is not intended to be taken.

   e. Defendants Duckworth and Integris violated 15 U.S.C. § 1692e(7) by making the false representation that Plaintiff committed a crime in order to disgrace Plaintiff.

   f. Defendants Duckworth and Integris violated 15 U.S.C. § 1692e(9) by attaching a criminal charging document to the letter of November 4, 2009 (Exhibit B), therefore, giving the false representation that the State's Attorney approved or would approve the criminal charges.

   g. Defendants Duckworth and Integris violated 15 U.S.C. § 1692e(10) by making false representations regarding the debt being owed, the

criminal ramifications for non-payment and the possibility of deportation in the letter dated November 4, 2009 (Exhibit B) and in the lawsuit.

h. Defendants Duckworth and Integris violated 15 U.S.C. § 1692e(11) by failing to disclose that he was a debt collector attempting to collect a debt and that any information obtained will be used for that purpose. Instead, Defendants falsely attempted to deny this in the letter dated November 4, 2009 (Exhibit B).

i. Defendants Duckworth and Integris violated 15 U.S.C. § 1692f(1) by attempting to collect money not expressly authorized by the agreement creating the debt or permitted by law. In fact, the Plaintiff is owed money.

j. Defendants Duckworth and Integris violated 15 U.S.C. § 1692g(1) by failing, in its letter of November 4, 2009 (Exhibit B), to state the amount of the debt.

k. Defendants Duckworth and Integris violated 15 U.S.C. § 1692g(3) by failing, in its letter of November 4, 2009 (Exhibit B), to state that unless Plaintiff, with-in thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

l. Defendants Duckworth and Integris violated 15 U.S.C. § 1692g(4) by failing, in its letter of November 4, 2009 (Exhibit B), to state that if the Plaintiff notifies the debt collector in writing within the thirty-day

9

period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

m. Defendants Duckworth and Integris violated 15 U.S.C. § 1692g(5) by failing, in its letter of November 4, 2009 (Exhibit B), to make a statement that, upon the Plaintiff's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

n. Defendants Duckworth and Integris violated 15 U.S.C. § 1692j(a) by stating in its letter of November 4, 2009 (Exhibit B) that Plaintiff's "criminal offense" is prosecuted by the Maryland State's Attorney's Office and that the State's Attorney's Office has a "no drop" policy, which gives the false impression that the State's Attorney's Office is involved in the collection of this debt.

o. The FDCPA may have been violated in other ways.

27. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants Duckworth and Intregis' conduct violated the FDCPA, and the Plaintiff's actual damages, statutory damages, and costs and attorney fees.

28. Plaintiff did suffer actual damages, including stress, headaches, nausea, sleep disorders, lack of concentration, humiliation and embarrassment as well as economic losses.

WHEREFORE, Plaintiff demands judgment against Defendants Duckworth, and Integris, jointly and severally, in the amount of $500,000 plus statutory damages, court costs and attorney fees.

### *COUNT TWO – VIOLATION OF MARYLAND'S CONSUMER DEBT COLLECTION ACT*

29. Plaintiff incorporates all prior paragraphs.

30. All Defendants violated MD. CODE ANN., COM. LAW ART. §14-201 *et seq.* Defendants' violation of this act include, but are not limited to the following:

   a. Defendant Duckworth, individually and as agent of Integris, Schueler and Schueler, LLC, violated CL 14-202(2) by threatening criminal prosecution.

   b. Defendant Duckworth, individually and as agent of Integris, Schueler and Schueler LLC, violated CL 14-202(5) by disclosing to Plaintiff's employer information which affected Plaintiff's reputation with knowledge that the employer did not have a legitimate business need for the information. Defendant Duckworth called Plaintiff's employment and spoke directly with Karen Locke in the human resources department. Defendant shared Plaintiff's medical history and discussed Plaintiff's "thick accent" and immigrant status with her.

   c. Defendant Duckworth, individually and as agent of Integris, Schueler and Schueler LLC, violated CL 14-202(6) by sending the letter and its attachments (Exhibit B) which constituted a communication meant to abuse and/or harass Plaintiff and by filing a baseless suit.

    d. Defendant Duckworth, individually as agent of Integris, Schueler and Schueler LLC; and Defendants Schueler and Schueler LLC violated CL 14-202(8) by making claims and filing suit for money not owed and for making claims and filing suit when in fact, Schueler and Schueler LLC owed Plaintiff money.

    e. Defendant Duckworth, individually and as agent of Integris, Schueler and Schueler LLC, violated CL 14-202(9) by attempting to simulate criminal process against Plaintiff.

    f. Defendant Duckworth, individually and as agent of Integris, Schueler and Schueler LLC, violated CL 14-202(9) by indirectly threatening deportation for Plaintiff's alleged failure to pay this debt.

    g. Defendants may have violated this statute in other ways to be determined.

31. As a result of these violations, Plaintiff suffered damages, including emotional damages, stress, headaches, nausea, sleep disorders, lack of concentration and embarrassment. He lost time from work attempting to deal with claims representatives, benefits managers, the Attorney General's Office and Defendants. His work performance suffered, resulting in additional economic losses. Plaintiff may have other damages to be determined.

32. WHEREFORE, Plaintiff demands judgment against Defendants Duckworth, Integris, Schueler, and Schueler LLC, jointly and severally, in the amount of $500,000 plus court costs and attorney fees.

## COUNT III – VIOLATION OF MARYLAND'S
## CONSUMER PROTECTION ACT

33. Plaintiff incorporates all prior paragraphs.

34. Maryland's Consumer Protection Act states a violation of the Consumer Debt Collection Act is also a violation of the Maryland Consumer Protection Act. CL § 13-301(14)(iii).

35. Defendants Duckworth, Integris, Schueler, and Schueler LLC, as set forth above, (including, but not limited to, threatening criminal prosecution, contacting Plaintiff's employer, and bringing and filing a baseless suit) violated this provision, and as a direct result Plaintiff suffered damages, including stress, embarrassment and humiliation.

36. Maryland's Consumer Protection Act states a violation of the Social Security Number Privacy (CL § 14-3401 *et seq.*) is also a violation of the Consumer Protection Act.

37. Defendants violated CL § 14-3402 when they publicly disclosed Plaintiff's Social Security number.

38. In addition, Defendants violated other parts of the Consumer Protection Act, including but not limited to violation of § 13-301(1) (false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers) and § 13-301(3) (failure to state a material fact if the failure deceives or tends to deceive) by threatening criminal prosecution and deportation, failing to tell Plaintiff that he could only be civilly liable, holding out Mr. Duckworth to be an attorney or one capable of

representing Schueler LLC in court, and may have violated this statute in other ways.

39. As a result of Defendants' violations of these statutes Plaintiff suffered damages, including stress, headaches, nausea, sleep disorders, lack of concentration and embarrassment.  He lost time from work attempting to deal with claims representatives, benefits managers, the Attorney General's office and Defendants.  His work performance suffered, resulting in additional economic losses. Due to Defendants' publishing of his Social Security number, he has had to obtain credit report monitoring indefinitely at $14.95 per month.  Plaintiff may have other damages to be determined.

WHEREFORE, Plaintiff demands judgment against each Defendant, jointly and severally, in the amount of $500,000 plus court costs and attorney fees.

                                        Respectfully Submitted,

                                        /s/Jane Santoni_____
Jane Santoni
Federal Bar #05303
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
OF MARYLAND

| | | |
|---|---|---|
| GOKHAN TARI | * | |
| 1146 Shortleaf Circle | | |
| Eldersburg, Maryland 21784 | * | |
| Carroll County, Maryland | | |
| | * | |
| *Plaintiff* | | |
| | * | |
| VS. | | |
| | * | |
| LORETTA SCHUELER | | |
| 1030 Liberty Road, Suite 101 | * | |
| Eldersburg, Maryland 21784 | | |
| Carroll County, Maryland | * | |
| | | |
| AND | * | |
| | | |
| LORETTA SCHUELER, DDS, LLC | * | |
| 2711 Centerville Road, Suite 400 | | |
| Wilmington, Delaware 19808 | * | Civil Case No. 1:10-cv-737 |
| | | |
| SERVE ON: | * | (Unlawful Debt Collection Practices) |
| CSC – Lawyers Incorporating | | |
| Service, Resident Agent Company | * | |
| 7 St. Paul Street, Suite 1660 | | |
| Baltimore, Maryland 21202 | * | |
| | | |
| AND | * | |
| | | |
| THE INTEGRIS GROUP, LLC | * | |
| 2711 Centerville Road Suite 400 | | |
| Wilmington, Delaware 19808 | * | |
| | | |
| SERVE ON: | * | |
| Steven Duckworth, Managing Partner | | |
| 1030 Liberty Road, Suite 101 | * | |
| Eldersburg, Maryland 21784 | | |
| | * | |
| AND | | |
| | * | |

1

| | |
|---|---|
| STEVEN DUCKWORTH | * |
| 1030 Liberty Road, Suite 101 | |
| Eldersburg, Maryland 21784 | * |
| Carroll County, Maryland | |
| | * |
| *Defendants* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REQUEST FOR JURY TRIAL

Plaintiffs request that the above captioned action be tried before a jury.

                                  Respectfully Submitted,

                                  _/s/Jane Santoni_____
                                  Jane Santoni
                                  Federal Bar #05303
                                  Williams & Santoni, LLP
                                  401 Washington Avenue, Suite 200
                                  Towson, Maryland 21204
                                  (410) 938-8666
                                  *Attorney for Plaintiffs*